CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.
2002 MAR 13 AM 10:21
RECEIVED AND FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MADELINE ADAMS

    **Plaintiff(s)**

    v.                     CIVIL NO. 98-1290 (JAG)

CORPORATE REALTY SERVICES,
INC., ET AL

    **Defendant(s)**

---

## OPINION AND ORDER

Plaintiff Madeline Adams ("Adams") brought suit against defendants Corporate Realty Services, Inc., Colony Plaza Development, Inc., and Hacienda Los Condos L.C., (collectively "defendants"), pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e); Puerto Rico Law 100, 29 P.R. Laws Ann. § 146; Puerto Rico Law 80, 29 P.R. Laws Ann. § 185(a) et seq.; and Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141. On May 30, 2000, defendants moved for summary judgment. For the reasons set forth below, the Court grants the motion in part and denies it in part.




AO 72A
(Rev 8/82)

Civil No. 98-1290(JAG)

**FACTUAL BACKGROUND**

In 1997, Adams, then a fifty-one year old female, worked for defendants in various capacities, most notably as General Manager of defendant Colony Plaza Development's San Juan office. Adams's duties primarily involved persuading Puerto Rico residents to survey (and ultimately purchase) the defendants's real estate developments in Orlando, Florida.

In August, 1997, Adams's supervisor was replaced by José Gómez. On August 21, 1997, Gómez fired Adams from her job, contending that the company was undergoing a reorganization. Gómez expressly stated that Adams performance had been outstanding and was unrelated to the decision. Before leaving, Adams requested a formal resignation letter, which she received the next day. After Adams left the office, however, Gómez called the sales staff (comprised of Katia Zúñiga and William Estrella) to a meeting, and informed them that Adams had been fired because she was too old and because the company needed someone younger, with more creative and revolutionary ideas to meet the new market challenges.

The parties dispute the substance and intent of that conversation, as they dispute the subsequent step taken by the

2

Civil No. 98-1290(JAG)

company: bringing back Eduardo Fernández, a former employee whom Adams had fired in July, 1997. Adams contends that he took over her former role; defendants contend that Fernandez did not substitute Adams, but was brought back as an independent contractor who was paid only on commission.

In her Complaint, Adams alleges that she was dismissed due to age and gender discrimination. She further alleges that a younger man (Fernandez) immediately replaced her, and that several months later an older, less qualified man took her former position. (Docket No. 50 at 1, 24-26, 28; Statement of Material Facts in Dispute at 10-13.)

On May 30, 2000, defendants filed a motion for summary judgment, alleging that they had a valid, nondiscriminatory reason to fire Adams - namely, that her position was eliminated due to a company restructuring, and contending that Adams's duties and responsibilities were distributed among the remaining employees. Defendants deny that age or gender played any role in their decision. (Docket No. 44 at 6-8.)

3

Civil No. 98-1290(JAG)

## SUMMARY JUDGMENT STANDARD

The standard for summary judgment is governed by Fed. R. Civ. P. 56. The Court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A properly supported motion can be survived only if the non-moving party shows that a trial-worthy issue exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion cannot rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. Id. Not every controversy is sufficient to preclude summary judgment. Id. The fact has to be "material" and the dispute must be "genuine." Id. "Material" means that a contested fact has the potential to change the outcome

4

Civil No. 98-1290(JAG)

of a suit. Id. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party. Id.

"The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 252. Consequently, "a party opposing a summary judgment must present definite, competent evidence to rebut the motion." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). To make this assessment in a given case, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). When carrying out that task, the Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

### AGE DISCRIMINATION CLAIM

Under the ADEA, it is unlawful for an employer "to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment

5

Civil No. 98-1290(JAG)

because of such individual's age." 29 U.S.C. § 623 (a)(1). The main issue in an ADEA claim is to determine that the employee was discharged because of his age, or that age was a determining factor in that decision. See Mandavilli v. Maldonado, 38 F. Supp. 2d 180, 191 (D.P.R. 1999)(citing Hebert v. Mohawk Rubber Co., 872 F.2d 1104, 1110 (1st Cir. 1989)). The type of evidence needed to establish age discrimination can be either direct or circumstantial in nature. See generally McDonell Douglas Corp. v. Green, 411 U.S. 792 (1973). Regardless of the evidence presented, the plaintiff must present sufficient facts to establish a genuine issue of material fact as to whether the dismissal was attributable to her age. Mandavilli, 38 F. Supp.2d at 191.

Defendants contend that Adams has not proffered sufficient evidence of discriminatory animus to survive summary judgment. Adams contends, however, that she has direct evidence of discrimination. This evidence includes a statement under penalty of perjury signed by Katia Zúñiga, a member of defendants' sales staff at the time Adams was fired. (Docket No. 50, Exhibit XIII). Zúñiga recounted the events that allegedly surrounded Adams's termination. She states that José Gómez called her and William

6

Civil No. 98-1290(JAG)

Estrella to a meeting, right after he dismissed Adams. Zúñiga states that in the meeting, Gómez told them the reason he was firing Adams was because "she was too old" and "the company needed someone younger with more creative and revolutionary ideas to meet the challenges that the market was undergoing at that time." Id.

Direct evidence of age discrimination is evidence that by itself shows a discriminatory animus. Mandavilli, 38 F. Supp. 2d at 192; Carmona Ríos v. Aramark Corp., 139 F. Supp. 2d 210, 217-18 (D.P.R. 2001). Stray remarks in the workplace, statements by non-decisionmakers, or statements by decisionmakers unrelated to the decisional process itself do not constitute proof of direct evidence. Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). The remarks or comments must be linked to the adverse employment decision. Ayala-Gerena v. Bristol Myers Squibb Co., 95 F.3d 86, 96 (1st Cir. 1996). Direct evidence of employment discrimination based on age would be "an admission by the employer that it explicitly took actual or anticipated age into account in reaching an employment decision." Smith v. F.W. Morse & Co., Inc., 76 F.3d 413, 421 (1st Cir. 1996).

7

Civil No. 98-1290(JAG)

Here, the person who allegedly made the age-related remark was not simply a garden-variety decisionmaker; he was the person who made the decision to fire Adams. See Mandavilli, 38 F. Supp. 2d at 193 (distinguishing between comments made by decisionmakers and people who play no role in the decisionmaking process). Viewing the evidence in the light most favorable to the plaintiff, as the Court must do at this stage, it concludes that Gómez's remark was not stray or isolated; rather, it was made in the context of the decision to discharge Adams. The Court finds that Gómez's remark constitutes a clear example of what constitutes direct evidence of age discrimination - that is, evidence "which, in and of itself, shows a discriminatory animus." See Jackson v. Harvard Univ., 900 F.2d 464, 467 (1st Cir. 1990).

When direct evidence is adduced, a Court must examine the evidence under the "mixed-motive" framework designed by the Supreme Court in Price Waterhouse, as modified by the 1991 Civil Rights Act, 42 U.S.C. §§ 2000e-2(m), 2000e-5(g)(2)(B). See, e.g., Mandavilli, 38 F. Supp.2d at 193. Under the Price Waterhouse framework, once direct evidence of discrimination is demonstrated, the defendant must prove by preponderance of evidence that it would

8

Civil No. 98-1290(JAG)

have made the same employment decision without considering the illegitimate factor, in this case, age. <u>Ayala-Gerena</u>, 95 F.3d at 95-96. The 1991 Civil Rights Act, however, overruled <u>Price Waterhouse</u> in part, "prohibiting a defendant from defeating liability altogether even if the defendant shows it would have made the same decision regardless of the illegal motive." <u>Mandavilli</u>, 38 F. Supp.2d at 194. The employer can only limit the employee's remedy by such a showing. <u>Id.</u>; <u>See also</u> 42 U.S.C. §§ 2000e-2(m), 2000e-5(g)(2)(B); <u>Smith</u> 76 F.3d at 431. Therefore, when direct evidence of discrimination is provided, the case may be submitted to a finder of fact without further ado. <u>Alvarez-Fonseca v. Pepsi Cola of P.R.</u>, 152 F.3d 17, 24 (1st Cir. 1998).

The Court finds that Adams has demonstrated a disputed issue of material fact as to whether the illegitimate criterion of age played a motivating part in defendants's employment decision. Accordingly, it denies defendants's summary judgment motion with respect to the ADEA claim.

### TITLE VII (SEX DISCRIMINATION) CLAIM

Adams also claims that defendants discriminated against her because of her gender. Adams has not proffered direct evidence of

9

Civil No. 98-1290(JAG)

sex discrimination; therefore, the burden-shifting framework set forth in McDonnell Douglas v. Green comes into play. See Goldman v. First National Bank of Boston, 985 F.2d 1113 (1st Cir. 1993).

Under this framework, Adams must first establish a *prima facie* case by proving that she: (1) was within a protected class; (2) met the employer's legitimate performance expectations; (3) was discharged; and (4) was replaced by another individual with similar skills and qualifications. See Delgado Graulau v. Pegasus Communications, 130 F. Supp.2d 320, 327 (D.P.R. 2001); Smith v. Morse & Co., 76 F.3d 413, 421 (1st Cir. 1996).

Once the plaintiff has established a *prima facie* case, there is a presumption that the employer discriminated against her. The burden then shifts to the employer to provide a legitimate, nondiscriminatory reason for the adverse employment action. The defendant's burden under McDonnell Douglas is only a burden of production; the burden of persuasion remains with the plaintiff. If the employer meets this burden, the inference of discrimination disappears and the employee has to demonstrate that the employer's alleged justification is a mere pretext. See Mulero-Rodríguez v.

10

Civil No. 98-1290(JAG)

Ponte, Inc., 98 F.3d 670, 672-73 (1st Cir. 1996); Delgado 130 F. Supp.2d at 328.

It is uncontested (1) that Adams is a woman; (2) that her performance was satisfactory; and (3) that she was dismissed. The fourth requirement, however, is disputed. Adams alleges that she was replaced. Defendants contend that she was not replaced, but rather that her duties were distributed among other employees.

If Adams establishes a *prima facie* case, she would still have to show that the defendants took gender into account when they decided to terminate her. Defendants contend that the reason Adams was discharged was that her position as General Manager was eliminated. Taking defendants' proffered evidence as true for purposes of conducting the second stage of the burden-shifting framework, the Court finds that they have produced sufficient competent evidence to rebut the presumption of intentional gender-based discrimination. Now Adams must present sufficient evidence to show that the employer's reason was but a pretext to the underlying discriminatory animus. See Thomas v. Eastman Kodak Co., 183 F.3d 38, 56 (1st Cir. 1999).

11

Civil No. 98-1290(JAG)

Adams can establish that defendants's reasons for her dismissal are a pretext by: (1) showing that a decision maker made discriminatory comments; (2) demonstrating weaknesses, implausibilities or contradictions in the employer's proffered legitimate reasons; and/or (3) demonstrating that the reasons were "*post hoc* justifications." Santiago-Ramos, 217 F.3d at 55-57. In addition to establishing that defendants' proffered reason for the employment discharge was a pretext, Adams must also show that discriminatory animus motivated defendants' action. Delgado, 130 F. Supp.2d at 333.

In her motion opposing summary judgment, Adams contends that the employer's proffered reason for her dismissal is a pretext for age and gender discrimination. To prove this, she submits as evidence discriminatory age-related remarks. See, e.g., Docket No. 50 at 30. There is no evidence in the record to create a genuine dispute of material fact on this score; no rational fact-finder could reasonably conclude that, given the evidence proffered, defendants took gender into account when they decided to dismiss Adams. Since Adams's motion does not provide the Court with sufficient competent evidence to establish that gender played a

Civil No. 98-1290(JAG)

role in defendant's decision to dismiss her, the Court grants defendants' summary judgment motion on the Title VII sex discrimination claim.

## STATE LAW CLAIMS

Adams has alleged violations of Puerto Rico law arising out of the same nucleus of operative facts that gave rise to her federal claims. She claims a violation of the Puerto Rico Employment Discrimination Law and Unjust Discharge Law ("Law 100" and "Law 80"), and appends a statutory tort claim under Civil Code section 1802 for damages as the result of the harm suffered, P.R. Laws Ann., tit. 31 § 5141.

### 1. Law 100

Law 100 provides a state law remedy equivalent to the ADEA. The statute provides for civil liability in age discrimination actions. The difference between both statutes involves the shifting of the burden of proof. See Soto v. Caribe Hilton, 137 P.R. Dec. 294 (1994).

Under Law 100, Adams must establish: (1) that she was actually discharged; and (2) that the decision to discharge her was discriminatory. See Cardona Jiménez v. Bancomercio de P.R., 174

13

Civil No. 98-1290(JAG)

F.3d 36, 42 (1st Cir. 1999). The burden then shifts to the employer to prove that it had just cause for its actions. Id. at 43. If the defendants show just cause, Adams has to submit evidence that shows that the decision to discharge her was motivated by age discrimination. Id.

Adams has proved that she was discharged and has submitted evidence of discrimination. The defendants proffer as just cause the need to reorganize the company. Adams further submits as evidence the discriminatory remark by her boss, José Gómez. The Court finds that Adams has created a genuine issue of material fact as to whether there was just cause for her dismissal. Therefore, summary judgment is inappropriate as to Adams's Law 100 claim.

2. **Law 80**

Law 80 provides a remedy for dismissals without just cause. A discharge "by mere whim or fancy of the employer or without any reason related to the proper and normal operation of the establishment" is not a discharge for just cause. P.R. Laws Ann. tit.29, § 185b. Like in her Law 100 claim, Adams has created a genuine issue of material fact as to whether her dismissal was

14

Civil No. 98-1290(JAG)

justified. Therefore, summary judgment is also inappropriate as to Adams's Law 80 claim.

### 3. Article 1802

Puerto Rico Civil Code section 1802 provides for damages caused by a defendant's negligent behavior. This general tort statute can be brought upon violation of Law 100. See, e.g., Santini Rivera v. Serv. Air, Inc., 137 P.R. Dec. 1 (1994). Because Adams's claim under Laws 100 survives summary judgment, her claim for damages under this statute is necessarily upheld.

### CONCLUSION

In light of the foregoing, the Court denies defendants's motion for summary judgment as to the ADEA claim and the state claims. The Court grants defendants's summary judgment motion with respect to Adams's Title VII claim.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 12th day of March 2002.

JAY A. GARCIA GREGORY
United States District Judge