IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MADELINE ADAMS

    **Plaintiffs,**       CIVIL NO. 98-1290(JAG)

v.

CORPORATE REALTY SERVICES,
INC., et al.

    **Defendants**

---

**MEMORANDUM AND ORDER**

The parties have recently filed various pre-trial motions. The Court addresses them in turn.

A.    <u>After-Acquired Evidence Defense</u>

On April 2, 2002, defendants filed a motion essentially seeking reconsideration of the Court's earlier ruling regarding the "after-acquired evidence" defense. (Docket No. 71.) On April 15, 2002, plaintiff filed an opposition. (Docket No. 74.) On April 29, 2002, the Court ordered plaintiff to file a copy of her opposition to defendants's original motion. (Docket No. 76.) Plaintiff did so on April 30, 2002. (Docket No. 77.)

The Court has reviewed the parties's motions, and will reconsider its ruling as follows. Because there are factual issues precluding entry of summary judgment on the question whether the



AO 72A
(Rev. 8/82)



after-acquired evidence (involving plaintiff's alleged breach of the confidentiality provisions contained in the company's employee manual), the Court <u>denies</u> defendants's motion without prejudice. The Court will allow defendants, however, an opportunity to introduce evidence regarding their after-acquired defense at trial. Since the availability of this defense goes to the issue of damages, and not liability, <u>see</u>, <u>e.g.</u>, <u>Nieves-Villanueva v. Soto Rivera</u>, 133 F.3d 92, 101 (1st Cir. 1997), the Court will instruct the jury that any testimony regarding the after-acquired defense is not relevant in determining liability. <u>See</u> <u>Nieves Villanueva</u>, 133 F.3d at 101 n. 15 (noting that "[t]he trial court erred in failing to instruct the jury that Santiago's testimony was not relevant in determining liability").

Pursuant to this ruling, the Court <u>orders</u> the parties to submit a proposed jury instruction on the after-acquired defense along with their respective sets of proposed jury instructions. <u>See</u> Trial Scheduling Order, Docket No. 75.

B.    <u>Motion Requesting Rescheduling</u>

The Court grants defendants's May 2, 2002 request for a three-day enlargement of time, until May 9, 2002, to submit the Pre-Trial Memorandum. (Docket No. 78.) In light of the fact that the Pre-

℅AO 72A
(Rev. 8/82)

Civil No. 98-1290 (JAG) 3

Trial Conference is scheduled for May 13, 2002, the Court <u>orders</u> defendants to hand-deliver a copy of the Proposed Pre-Trial Memorandum to Chambers on May 9, 2002.

C. <u>Motion to Renew Request For Severance of State Claims and for Transfer of Venue</u>

a. <u>Severance of State Claims</u>

The Court denies defendants's May 2, 2002 motion requesting severance of the plaintiff's state law claims on the grounds that there is a risk of jury confusion. See <u>Bonilla v. Liquilux Gas Corp.</u>, 812 F. Supp. 286, 293 (D.P.R. 1993); <u>Wildman v. Lerner Stores Corp.</u>, 771 F.2d 605 (1st Cir. 1985).

b. <u>Motion for Transfer of Venue</u>

With a Pre-Trial Conference less than two weeks away, and with a June, 2002 Trial date fast approaching, defendants argue that the Court should exercise its discretion to transfer this case to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a). On April 14, 2000, defendants sought the same relief before the Court (Fusté, D.J.). The Court denied their request on April 25, 2000. (Docket Nos. 28, 31.) Upon review of defendants's motion, the Court sees no reason to disturb its previous ruling. Trial shall remain scheduled for June 17, 2002 at 9:30 a.m.

Civil No. 98-1290 (JAG)                                                4

   IT IS SO ORDERED.

   In San Juan, Puerto Rico, this 3rd day of May, 2002.

                          _____ For:
                          JAY A. GARCIA-GREGORY
                          U.S. District Judge

AO 72A
(Rev. 8/82)